**Jay CONGLETON, Plaintiff–Appellant,**

v.

**PCL CONSTRUCTION SERVICES, INC., Defendant–Appellee.**

No. 05–35074.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Nov. 1, 2006.

Chris L. Farias, Esq., Paul J. Dayton, Esq., Short Cressman & Burgess PLLC, Seattle, WA, for Plaintiff–Appellant.

Timothy J. O'Connell, Esq., Molly Margaret Daily, Esq., Stoel Rives, LLP, Seattle, WA, for Defendant–Appellee.

Before: D.W. NELSON, PAEZ, and SMITH, Circuit Judges.

## MEMORANDUM *

Jay Congleton appeals the district court's grant of summary judgment in favor of his former employer, PCL Construction Services, Inc. ("PCL"), in his action alleging: (1) age discrimination in violation of Washington Law Against Discrimination, RCW § 49.60 ("WLAD") for discriminatory termination, (2) age discrimination in violation of WLAD for failure to promote, and (3) wrongful withholding of severance pay in violation of RCW §§ 49.48 and 49.52. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. We review de novo the district court's grant

In reviewing a grant of summary judgment, we must view the evidence in the light most favorable to Congleton, making all reasonable inferences in his favor. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir.2002). We require a plaintiff to produce "very little evidence" to overcome a motion for summary judgment in a discrimination case. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.,* 225 F.3d 1115, 1124 (9th Cir.2000). We conclude that there are genuine issues of material fact and reverse the grant of summary judgment as to Congleton's WLAD age discrimination claims for discriminatory termination and failure to promote. We affirm the district court's grant of summary judgment as to Congleton's claim for wrongful withholding of severance pay.

## I.

■ WLAD tracks federal law, and Washington courts have adopted the framework set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) in evaluating whether plaintiffs have a claim for discrimination under WLAD. *See Hill v. BCTI Income Fund–I,* 144 Wash.2d 172, 23 P.3d 440, 446 (2001) (citing *Kastanis v. Educ. Employees Credit Union,* 122 Wash.2d 483, 859 P.2d 26, 30, *amended by* 122 Wash.2d 483, 865 P.2d 507 (1994)); *see also Anderson v. Pac. Mar. Ass'n,* 336 F.3d 924, 925 n. 1 (9th Cir.2003). PCL did not dispute that Congleton met his initial burden of stating a prima facie case for age discrimination in termination. We agree with the district court that PCL met its burden of presenting a legitimate, non-discriminatory reason for Congleton's termination by producing

evidence that there was a lack of work necessitating a reduction in workforce and that Congleton was selected because management was dissatisfied with his work performance.[2] We conclude, however, that the evidence Congleton presented, including evidence regarding his performance, raises a genuine factual dispute whether PCL's proffered reason for terminating him was pretextual. We therefore reverse and remand this claim for trial.

## II.

■ Congleton has also established a prima facie case for age discrimination in failure to promote: (1) he was a member of a protected group; (2) he applied for and was qualified for an available promotion; (3) he was not offered the position; and (4) the promotion went to a significantly younger person. *Kirby v. City of Tacoma,* 124 Wash.App. 454, 98 P.3d 827, 833 (2004). PCL did not dispute that Congleton's significant management experience largely met the technical competency requirements for the Construction Manager position; its alleged nondiscriminatory reason for not promoting Congleton was that he lacked the behavioral competencies, including interpersonal skills, necessary for the position. We conclude that Congleton has presented sufficient evidence to establish a genuine issue of material fact whether PCL's failure to promote him to Construction Manager constituted age discrimination in violation of WLAD. We therefore reverse and remand this claim for trial as well.

## III.

■ Finally, Congleton has failed to show the existence of any express or im-

---

of summary judgment. *See Porter v. California Dep't of Corr.,* 419 F.3d 885, 891 (9th Cir.2005).

**2.** The fact that Congleton does not dispute the lack of work does not defeat his claim because PCL has conceded that it would have found a way to retain him, despite the lack of work, if he were a good performer.

plied contract entitling him to severance pay. Therefore, his claim for wrongful withholding of severance pay in violation of RCW Sections 49.48 and 49.52 was properly dismissed.

AFFIRMED in part, REVERSED in part, and REMANDED. Appellant shall recover his costs on appeal.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.